IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENVILLE DIVISION

| | |
|---|---|
| Walter R. Hoover, Jr.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Tractor Supply Company,<br><br>　　　　　　　　Defendant.<br>_____ | Civil Action No. 8:25-cv-7172-BHH<br><br>**<u>Order</u>** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant Defendant Tractor Supply Company's motion to dismiss *pro se* Plaintiff Walter R. Hoover, Jr.'s ("Plaintiff") complaint and deny Plaintiff's motion to amend. (ECF Nos. 11, 17). (ECF No. 20.) For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff filed this suit against his former employer asserting that "he was wrongfully terminated due to his workplace injury and/or disability-related restrictions, constituting retaliation and a violation of public policy." (ECF No. 1-1 ¶ 14.) Plaintiff alleges that Defendant terminating his employment violates public policy protecting injured workers and discourages the "lawful exercise of his right to seek medical care and treatment under South Carolina's Workers' Compensation Act." (*Id.* ¶ 18.) Defendant timely removed the case to this Court based on diversity jurisdiction and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 1, 11.) Plaintiff then filed a motion to amend. (ECF No. 17.)

Pursuant to 28 U.S.C. § 636(b) and the Local Civil Rules, DSC, this case was automatically referred to a Magistrate Judge for preliminary consideration. The Magistrate Judge liberally construed Plaintiff's complaint and determined that Plaintiff's complaint asserts two claims: (1) wrongful termination in violation of public policy and (2) retaliatory discharge in violation of S.C. Code Ann. § 41-1-80. The Magistrate Judge recommends that this Court grant Defendant's motion to dismiss because (1) Plaintiff has an existing statutory remedy for his wrongful termination claim pursuant to S.C. Code Ann. § 41-1-80, and (2) Plaintiff's retaliatory discharge claim was filed outside the applicable statute of limitations period. (ECF No. 20.) The Magistrate Judge also recommends that this Court deny Plaintiff's motion to amend because Plaintiff's amendment would be futile. (*Id.*)

Plaintiff filed objections to the R&R, and Defendant filed a response to Plaintiff's objections. (ECF Nos. 24, 25.)

**Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315

(4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir.2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore,* 901 F.2d 387, 391 (4th Cir.1990) ("The special judicial solicitude with which a district court should view *pro se* complaints does not transform the court into an advocate.").

## Discussion

In his objections, Plaintiff states that the Magistrate Judge incorrectly construed his complaint as asserting a claim arising under S.C. Code Ann. § 41-1-80. (ECF No. 24 at 1.) His only objection to the R&R is that the Magistrate Judge erred in finding that his sole claim for wrongful termination in violation of public policy must be dismissed because, according to Plaintiff, S.C. Code Ann. § 41-1-80 does not provide a complete or adequate remedy. (*Id.* at 2.)

After review, the Court sees that Plaintiff raised this exact argument in his response to Defendant's motion to dismiss, (ECF No. 14 at 2), and that this argument was considered and rejected by the Magistrate Judge based on established case law finding such an argument lacks merit. (*See* ECF No. 20 at 11-12.) Thus, Plaintiff's objections

merely repeat and rehash an argument duly considered and rejected by the Magistrate Judge. *Nealy v. Warden, Lee Corr. Inst.,* No. 1:18-CV-00777-RBH, 2018 WL 6695713, at *1 (D.S.C. Dec. 20, 2018) ("[O]bjections that merely rehash arguments previously raised and considered by the Magistrate Judge are insufficient to direct the Court to a specific error."). Having reviewed the objections, the Court discerns no clear error in the R&R. Therefore, the Court adopts the R&R.

## Conclusion

Based on the foregoing, the Court **adopts and specifically incorporates** the Magistrate Judge's R&R into this Order (ECF No. 20); **overrules** Plaintiff's objections (ECF No. 24); **grants** Defendant's motion to dismiss (ECF No. 11); and **denies** Plaintiff's motion to amend. (ECF 17.)

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

January 20, 2026
Charleston, South Carolina